## Panhandle & Sante Fe Railway Company v. J. H. Napier.

No. 7474.  Decided October 23, 1940.
(143 S. W., 2d Series, 754.)

*Terry, Cavin & Mills,* of Galveston, *W. C. Jackson,* of Fort Stockton, *Collins, Jackson & Snodgrass,* of San Angelo, for plaintiff in error.

Since the evidence showed a situation under which there was nothing to suggest to any member of the train crew that plaintiff did not see the locomotive in the headlights of his automobile, and since the evidence established the fact that he had seen the locomotive at a time when an ordinary driver of an automobile in all reasonably probability would have done so and would not have driven his automobile into the side of it, and since there was nothing to prove that defendant's agents on the engine would have anticipated that he did not see the plainly visible locomotive and therefore was not going to stop, as an ordinarily prudent driver would do, before running into the side of it, it was error for the court to hold that there was an issue of discovered peril in the case. Autry v. Dallas Ry. & Ter. Co., 98 S. W. (2d) 254; Baker v. Loftin, 222 S. W. 195; Cobb v. Texas & N. O. Ry. Co., 107 S. W. (2d) 670.

*Silliman & Bullock, Hart Johnson* and *Travers Crumpton,* all of Fort Stockton, for defendant in error.

The evidence as set forth in the record of this case clearly raised the issue of discovered peril. Smith v. El Paso & N. E. Ry. Co., 67 S. W. (2d) 362; International & G. N. R. R. Co. v. Pence, 113 S. W. (2d) 206; Hines v. Arrant, 225 S. W. 767; Wininger v. Ft. Forth & D. C. Ry. Co., 105 Texas 56, 143 S. W. 1150.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Pecos County by J. N. Napier as plaintiff, and he will be so designated here. It was against the Panhandle & Santa Fe Railway Company as defendant, and it will be so referred to here.

A judgment was rendered in the district court in favor of plaintiff for a large sum, and this was affirmed by the Court of Civil Appeals. 117 S. W. (2d) 826.

The jury failed to make findings on a number of questions involving contributory negligence on the part of plaintiff, and the only theory on which judgment was entered in his favor was that of discovered peril. The Court of Civil Appeals affirmed the judgment on this theory alone, and writ of error was granted because the Supreme Court was of the opinion that the evidence did not raise this issue.

The facts are practically undisputed so far as they pertain to the question of the accident itself. The Court of Civil Appeals adopted, in a large measure, the statement made by defendant in its brief, and for convenience we likewise adopt this statement.

Plaintiff, then living in the town of Fort Stockton, together with a young lady and another young couple, after having made a Sunday afternoon's visit to Rankin and McCamey, Texas, plaintiff driving the automobile in which the four were riding, proceeded along the highway from McCamey toward Fort Stockton, Texas, at about 12 o'clock at night, driving a Ford two-door sedan. The highway upon which they were traveling, after leaving McCamey and about 800 feet before it crosses the railroad track at which the collision occurred, bends toward the railroad track in a long, easy and practically uniform curve, changing its direction from east-west to north-south over a distance of about 700 feet. From a point about 100 feet from the railroad track and up to and across the railroad track the road is straight, and it approaches and intersects the railroad track at approximately right angles. As the road approaches the railroad crossing from the south it is practically level, and there is no appreciable difference between its elevation and that of the railroad track. The view of the railroad track for over 1200 feet west of the crossing (from which direction the train was coming) is clear and unobstructed at every point along the highway between its intersection with the railway and a point more than 800 feet back to the south and east. As the plaintiff approached the railroad crossing at the time and place of the collision, from the time he was within some 700 feet to 800 feet of the crossing there was nothing to obstruct his view of the crossing, or any part of the railroad track, for more than 1200 feet west of the crossing.

Traveling along the highway, approaching the railroad crossing at about 20 miles per hour, driving his automobile with good headlights burning, with good brakes in operation, plaintiff's automobile came in collision with defendant's engine, the automobile striking the drive-wheels of the engine or eccentric rod, near the center of the engine, 50 feet and 3 inches back of the end of the tender. The tender preceded the engine as the train was backing over the highway at the time of the collision.

Plaintiff testified that he knew of the railroad crossing the highway at that point; that immediately before the collision the crossing was clear; that he could see white posts on the other side of the track; that just before he reached the cross-

ing something black ran out in front of him and that he (his automobile) struck it; that at the time and place he looked and listened for the approach of a train and saw no lights except the lights on his automobile; others in the automobile testified that the engine and train had no lights thereon, and they did not hear the ringing of a bell or blowing of a whistle.

Defendant's train involved in the collision consisted of an engine, a caboose and five tank cars of gasoline. At the time of the collision it was backing across the highway, coming from the west and going toward the east. The crew in charge of this train consisted of an engineer, a fireman and two brakemen. Only the fireman and a brakeman riding on the rear end of the tender discovered the approach of plaintiff's car.

██ In our opinion, the evidence wholly fails to show that at the time defendant's servants discovered the approach of plaintiff's car they had any idea he was then in a position of danger; and further shows, without controversy, that no member of the crew knew that he was in a position of peril or danger at any time prior to the time his car struck the engine. Plaintiff's whole theory of discovered peril rests upon the assumption that as certain members of the crew saw the headlights of his car when it was approaching the railroad crossing, and while at a distance of more than one hundred feet from the crossing, they should have assumed that under the conditions he would probably drive his car in front of the engine or into the engine, and it was their duty to have prevented his doing so. The answer to this, it seems to us, is that this contention merely suggests a failure to use ordinary care, and does not in any sense make applicable the doctrine of discovered peril. It has long been settled that the doctrine of discovered peril does not arise unless and until the perilous position of the injured party becomes actually known to the defendant. The mere duty to discover his position of danger under the circumstances will not raise the issue. The burden is on the plaintiff to establish that the defendant actually realized the perilous position of plaintiff in time to have avoided danger to him with exercise of ordinary care in the use of all means at hand. In the absence of actual discovery and the appreciation of the peril, the rule of discovered peril has no application.

█ It has often been held that discovery of a car approaching a railroad crossing at a time when its occupant is not in danger, is within itself not sufficient to raise the issue. It is further held that the person causing the injury is not bound to anticipate negligent conduct on the part of the injured person, but

has a right to rely upon the assumption that the driver of the cas is in possession of his faculties and will be able to control his vehicle so as not to come into a position of peril. Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas 196, 59 S. W. 533; Galveston, H. & S. A. Ry. Co. v. Price, 240 S. W. 524; Texas & Pac. Ry. Co. v. Breadow, 90 Texas 27, 36 S. W. 410; Texas & N. O. Ry. Co. v. Adams, 27 S. W. (2d) 331; Young v. Dallas Ry. & Terminal Co., 136 S. W. (2d) 915; Texas & Pac. Ry. Co. v. Foster, 58 S. W. (2d) 557.

The whole basis of plaintiff's contention in this instance is that the employees of the railway company, when within about fifty feet of the railroad crossing, saw the lights of plaintiff's car as he rounded the curve some distance from the crossing. This must have been at a time when he was more than one hundred feet from the crossing, because it seems to be undisputed that for a distance of one hundred feet from the crossing the highway was perfectly straight. The fireman testified that he first discovered the car when the lights shined directly in his face. As the fireman was a distance of some fifty feet from the crossing when this occurred, it necessarily is true that the plaintiff's car was still turning the curve and had not reached the straight portion of the highway. In all events, it appears from the evidence that when the members of the crew first discovered the approaching car it was a considerable distance from the crossing. Certainly at this time plaintiff was in no danger. There is not a scintila of proof indicating that he would continue until he came in contact with the train, or any circumstance to indicate that he would go into a perilous position. Besides, plaintiff testifies he was driving his car at the rate of about twenty miles per hour, that it was in good condition, and that he could have stopped it within twenty feet. The engine was backing at a rate of seven to fourteen miles per hour. It is undisputed that plaintiff's car struck the engine at a point fifty feet back of the end of the tender. As plaintiff could not have come into a perilous position until he reached approximately twenty feet of the engine, when it became too late for him to apply his brakes and prevent a collision, it is evident that the tender and engine necessarily entered the railroad crossing at a time when plaintiff was something like one hundred feet or more away. As plaintiff's car struck the engine fifty feet from the end of the tender, and as plaintiff necessarily did not come into a position of peril until tender had at least reached the center of the highway, there is absolutely nothing which the members of the crew could have done after plaintiff became in peril which would

have prevented the accident. The whole contention and argument of plaintiff rests upon the assumption that defendant should and could have protected plaintiff from the dangerous situation before entering upon the highway. Aside from the fact, as was said in the case of Texas & Pacific Railway Company v. Foster, 58 S. W. (2d) 557, that this "would in effect require operators of trains to slow up or stop every time they saw an automobile approaching a railroad track in the manner of this one, and that quite without regard to its speed when discovered, or its proximity to the crossing," the fact remains that at all times before defendant's engine entered upon the crossing plaintiff was not in peril, and the employees had a right to assume that he would not in the exercise of due care come into a position of peril. As above suggested, plaintiff's contentions at the most pertain merely to acts which would suggest a failure to exercise ordinary care, and have no relation whatever to the doctrine of discovered peril.

We are of the opinion that the suggested error in submitting the question of discovered peril can be corrected in the event of another trial.

As the jury may be able to make satisfactory answers to questions involving contributory negligence, in the event of another trial, the cause will be remanded.

The judgment of the Court of Civil Appeals and of the district court are reversed and the cause is remanded.

Opinion adopted by the Supreme Court October 23, 1940.