### GAINES v. COPELAND.

### No. 11801.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1948.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling the plea of privilege of Roy E. Gaines, doing business as Gaines Brothers, to be sued in San Patricio County, the county of his residence. Fred F. Copeland instituted suit in Jim Wells County against Gaines, seeking to recover for personal injuries and property damage sustained by him as a result of a collision between two motor vehicles, which occurred in Jim Wells County. The trial was to a jury.

The appeal presents but one question, to-wit, whether the failure of the trial court to include in his definition of "proximate cause" the element of foreseeability, was reversible error.

It is well settled in this State that foreseeability is an essential element of proximate cause. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Louisi-

**232**

ana, A. & T. Ry. Co. v. DeVance, Tex.Civ. App., 114 S.W.2d 922; St. Louis B. & M. Ry. Co. v. Brack, Tex.Civ.App., 102 S.W.2d 261; City of Port Arthur v. Wallace, Tex. Civ.App., 167 S.W.2d 549; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489; West Texas Utilities Co. v. Dunlap, Tex.Civ.App., 175 S.W.2d 749; Sartain v. Basinger, Tex. Civ.App., 204 S.W.2d 524.

Unless we are able to say, as a matter of law, that the driver of appellant's truck ought reasonably to have foreseen the consequences, in the light of the surrounding circumstances, the definition of proximate cause given by the trial court is fatally defective, requiring a reversal of the order overruling the plea of privilege.

The surrounding circumstances are, that the driver of appellant's truck was leaving the City of Alice and proceeding in an easterly direction along State Highway No. 44. Appellee was driving his pick-up truck in an westerly direction along the same highway. These two vehicles met and collided at a point where U. S. Highway No. 59 forms a Y with State Highway No. 44. The driver of appellant's truck had the right-of-way, in that there were no stop signs against his continuing on to Highway No. 59, while appellee was confronted with both a "slow" and a "stop" sign. Appellee testified that he saw appellant's driver give an arm signal indicating that he was going to take the right-hand prong of the Y and not the left, and for that reason he did not stop at the stop sign. The jury found that appellant's driver did not give any such arm signal. It is perfectly clear that if appellee had stopped at the stop sign, as appellant's driver had a right to believe he would do, there would have been no collision. We can not say, as a matter of law, that the driver of appellant's truck should have foreseen that appellee would fail to stop at the stop sign, and that it thereby became the duty of appellant's driver to himself stop, although there was no stop sign requiring him to do so. Louisiana, A. & T. Railway Co. v. DeVance, 114 S.W.2d 922; St. Louis, B. &. M. Railway Co. v. Brack, 102 S.W.2d 261.

For the error pointed out the order overruling the plea of privilege is reversed and the cause remanded.