Sam **COHEN** et ux., Appellants,

v.

Jake Joe **MORREALE**, Appellee.

No. 3501.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1957.

Rehearing Denied Dec. 19, 1957.

Writ of Error Refused Feb. 26, 1958.
See 310 S.W.2d 737.

Jerry M. Hamovit, Houston, Levy & Levy, Galveston, for appellants.

Phipps & Smith, Galveston, for appellee.

McDONALD, Chief Justice.

This is a suit for damages for personal injuries sustained by plaintiffs Cohen and wife, when a car in which they were passengers, operated by Ben Clark, was involved in a collision at the intersection of 25th and Q Streets, Galveston, Texas, with an automobile operated by defendant Morreale. On the basis of jury findings and an-

swers to special issues finding that the sole proximate cause of the collision was the negligence of plaintiffs' driver, Ben Clark, and determining that there was no negligence by the defendant with respect to the matters inquired about, judgment was entered that plaintiffs take nothing.

Plaintiffs appeal, contending: 1) The Trial Court erred in refusing to submit special issues on discovered peril to the jury. 2) The verdict is against the great weight and preponderance of the evidence.

We revert to plaintiffs' 1st contention, viz.: that the Trial Court erred in refusing to submit issues on discovered peril to the jury. Plaintiffs plead discovered peril and tendered properly drawn issues inquiring thereon. The Trial Court refused to submit same.

It is believed that the schematic diagram of the scene of the collision may be helpful in understanding the case.

SCHEMATIC DIAGRAM

Deft. 1 block or 330 ft. from Q St. when he first saw Pltf's car.

(⌐ ⌐⌐⌐⌐⌐) represents approximate position of cars when deft. first saw pltf. ▭ represents approximate position of cars at point of collision)

The evidence before us as to the collision itself is largely from the defendant himself. A review of his testimony reflects: Defendant was driving a Mercury with an Oldsmobile motor; it had a fast pickup, and a horn attached to the brake so that when pressure was applied to the brake, the horn would blow; defendant didn't blow the horn at any time prior to the collision; defendant turned into 25th Street; it was a sunny summer day with nothing obstructing his view any place along the course; the streets were dry and visibility was as perfect as it could be; after defendant turned onto 25th Street (traveling north thereon) and about a block from Q Street, defendant saw the 1955 Plymouth car in which plaintiffs were riding; a *block* away from Q Street defendant saw plaintiffs' car traveling east on Q Street proceeding into the western half of 25th Street. Defendant saw plaintiffs' car very clearly, but did not blow his horn; defendant kept on going and did not hit his brake at all; defendant, when he first saw the plaintiffs' car, had plenty of time either to slow down or to stop before he got to the intersection of Q and 25th Streets; defendant looked in the other direction and then looked back; defendant didn't see any other traffic on the street at that time; defendant didn't slow down or blow his horn because he figured the car in which plaintiffs were riding was going to stop alongside the esplanade before crossing the east half of 25th Street; he saw plaintiff's car again when *8* feet from him and applied his brakes and turned to the right in an effort to avoid hitting them; defendant hit them at an angle; defendant was traveling 25 to 30 miles per hour; plaintiffs' car was traveling very slowly at the time of the collision; the block defendant traveled after first seeing plaintiffs is 330 feet long; from the time defendant first saw plaintiffs' car defendant had 330 feet to travel to the intersection and plaintiffs had 84 feet to travel to clear it.

Plaintiffs sought issues inquiring:

1) If immediately before the collision plaintiffs were in a position of peril.

2) If defendant discovered the perilous position of plaintiffs, if any, prior to the collision and realized that in reasonable probability they would not extricate themselves from such perilous position, if any.

3) If the discovery and realization, if any, by the defendant of the perilous position, if any, of plaintiffs, was in time so that, by the exercise of ordinary care, defendant could have avoided the collision.

4) If, after discovery and realization, if any, of the perilous position of plaintiffs, defendant failed to exercise ordinary care to avoid hitting plaintiffs.

5) If such failure, if found, was a proximate cause of the collision.

The quantum of proof required of the plaintiffs on these elements of discovered peril in order to entitle them to have same submitted to the jury was such facts and circumstances as, taken together, with all reasonable inferences therefrom, constituted some evidence of probative force of their existence. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W. 2d 561.

In determining whether the plaintiffs discharged this burden we must view and interpret the evidence in the record in its most favorable light to the plaintiffs, disregarding all evidence and the inferences therefrom favorable to the defendant. White v. White, 141 Tex. 328, 172 S.W.2d 295; Ford v. Panhandle & Santa Fe Ry. Co., supra.

It is the knowledge of defendant of the *danger* of injury, and not the certainty

of injury, that calls forth the action. Ford v. Panhandle & Santa Fe Ry. Co., supra.

■ "Realization" that plaintiffs would not extricate themselves is adequately shown by circumstances of visibility. A jury may believe a witness' testimony in part while rejecting it in part. Creech v. Thompson, Tex., 297 S.W.2d 817.

■■ To raise the issue of discovered peril it is not necessary that actual discovery of perilous position of injured party be proven by positive evidence, and it is sufficient if facts, reasonably construed, show that the party charged under all the evidence should have discovered the perilous position of the injured party. If the evidence raises the question as to whether the party charged should have, under all the evidence, discovered the perilous position, then the question as to the fact as to whether he actually discovered it is for the jury, since the credibility of all the witnesses, especially the parties, is for the jury. Long v. Surls, Tex.Civ.App., 275 S.W.2d 728.

In determining whether or not the Trial Court erred in refusing to submit the issues of discovered peril—as our Supreme Court said in Creech v. Thompson, supra: [297 S.W.2d 819]

"Our actual problem is largely one of permissible reasoning on the part of the jury by way of inference from circumstances in evidence and reliance on part of the testimony while disregarding contrary parts of it. In keeping with the familiar rule for testing a verdict for 'no evidence', we accept the evidence and permissible inferences therefrom *most favorable to the verdict* * * *"

■ In the case at bar we think that since defendant saw plaintiffs when they were 330 feet from the intersection, and plaintiffs were entering the intersection, the jury could have concluded that plaintiffs were in a perilous position. The jury could have further reasoned that defendant realized that in reasonable probability plaintiffs would not extricate themselves from such position of peril. The fact that defendant claimed he suspected plaintiffs would be extricated from their peril by their driver stopping before the collision is not enough. It is sufficient that defendant knows the person injured was in a place of danger from which he probably could not or would not extricate himself in time. Moreover, the jury could believe that realization occurred a few seconds before defendant saw plaintiffs the second time but that he braked his car *later* than he said he did. The fact that plaintiffs had only approximately 15 feet to go to a position of safety would justify the conclusion that if defendant saw plaintiffs and realized their perilous position but reacted to avert collision a few seconds *later* than he testified; that there was time to have saved plaintiffs by applying the brakes and veering right at the earlier point where their peril was realized. A split second sooner on applying the brakes or sounding his horn could have been the margin that was needed for plaintiffs' safety.

It follows that we believe the Trial Court should have submitted the issues on discovered peril.

Plaintiffs' second contention is that the verdict of the jury is against the weight and preponderance of the evidence. Without detailing the evidence, we sustain this point, but make no comment thereon because the cause will have to be retried.

The judgment of the Trial Court is Reversed and the cause Remanded for further proceedings not inconsistent with the views expressed herein.