Lewes G. GRANTHAM, Appellant,

v.

BIG SPRING BONDED WAREHOUSE & STORAGE, INC., Appellee.

No. 3872.

Court of Civil Appeals of Texas.

Eastland.

April 17, 1964.

**692**

John J. Watts, Odessa, for appellant.

Jack Little, Big Spring, for appellee.

COLLINGS, Justice.

Lewes G. Grantham brought suit against Big Spring Bonded Warehouse & Storage, Inc. to recover damages for an injury alleged to have been sustained because of negligence of the defendant. Plaintiff also alleged that he was entitled to recover on the theory of discovered peril. The case was tried before a jury which found both plaintiff and defendant guilty of negligence proximately causing plaintiff's injury and, based upon the verdict, judgment was rendered for the defendant. Grantham has appealed.

Appellant Lewes G. Grantham presents one point in which it is contended that the court erred in refusing to submit to the jury requested special issues on the question of discovered peril. Appellee urges that the court did not err in refusing to submit such requested issues because (1) there was no evidence raising the issue of discovered peril, and (2) because the requested special issues were not substantially correct. We are of the opinion that there was no evidence to support issues of discovered peril and that the court did not err in refusing to submit them to the jury.

The substance of the requested special issues is as follows: (1) Whether plaintiff Lewes Grantham was in a position of peril immediately prior to the accident; (2) whether appellee's truck driver, Billy Patterson actually discovered Grantham's position of peril, if any; (3) whether Billy Patterson realized that Grantham might not extricate himself from such perilous position; (4) whether Patterson's discovery of Grantham's perilous position was made by Patterson in time to avoid the occurrence by the use of all the means, if any, at his command, with due regard to the safety of himself, the equipment of his employer and other personnel; (5) whether the truck driver Patterson failed to use such means,

if any; (6) whether such failure, if any, was negligence, and (7) was a proximate cause of the accident in question.

 The evidence and the verdict of the jury established that appellee's employee Patterson parked appellee's truck in such a way that the tailgate was not flush against the loading dock, failed to warn appellant Grantham of the manner in which the truck was parked, and that such action and conduct by Patterson proximately caused appellant's injury. However, the jury also found that appellant was guilty of contributory negligence proximately causing his injury. In such circumstances an injured party may still recover if the pleadings and the facts bring the case within the doctrine of discovered peril, otherwise referred to as the doctrine of last clear chance. The general statement of the rule as set out in 40 Tex.Jur.2d 621 is as follows:

"If a person is in a position of peril and that position is discovered and realized by another in sufficient time to prevent injury by the exercise of ordinary care and with the means at his command, the person discovering the perilous position will be liable for any injury proximately caused by his failure to exercise ordinary care, even though the person so injured is guilty of contributory negligence but for which the injury would not have occurred."

The cases hold that in order for a plaintiff to recover under this doctrine it is necessary for him to show that he was in a position of peril, that the defendant realized, in time to have avoided the danger, that plaintiff was in a position of peril and was pursuing, and would probably continue to pursue a course that was likely to result in his injury. Texas & New Orleans Ry. Company v. Hart, (Tex.Sup.Ct.), 356 S.W.2d 901; Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162. It is held under this doctrine that the discovery by a defendant of the perilous position of the plaintiff gives rise to a new and immediate duty to prevent

the threatened injury and the breach of this duty gives rise to liability, but there must exist a clear chance to avoid the injury for which the defendant is sought to be held. Herrin Petroleum Transport Company v. Proctor, 161 Tex. 222, 338 S.W.2d 422. See also Texas and Pacific Railway Company v. Meeks, Tex.Civ.App., 338 S.W.2d 169.

The evidence shows that on the occasion of appellant's injury appellee's truck driver Patterson had parked its moving van at a loading dock at Webb Air Force Base for the purpose of loading same; that the driver had not backed the van squarely into the dock and as a result there was a triangular gap between the tailgate and the dock so that one end of the tailgate was against the dock and the other end was away from the dock by a distance of twelve to sixteen inches. Appellant, who was a "freight handler" at Webb Air Force Base, was assisting in the loading of appellee's truck and was carrying one end of a box, or crate, about seven or eight feet long, thirty inches wide and eight or ten inches thick, weighing not more than forty-five pounds. Patterson, appellee's employee, was walking backwards and carrying the other end of the crate. Grantham was following Patterson so that the crate was in front of him, and when he attempted to step from the loading dock to the tailgate his foot went through the gap and he fell on his knee. The evidence showed that at the edge of the dock there was a wooden bumper consisting of two by eights. This bumper also served as a guide so that those who were handling freight might be able to know that they were at the edge of the dock. Grantham testified that the tailgate was lower than the dock and that he was expecting to step down slightly but did not know about the gap. Patterson testified that he knew the gap existed; that he discovered the condition when he got out of the truck after he had parked; that the package he and Grantham were carrying was not heavy, and that the size of it was not such as to prevent a man from seeing the gap between the tailgate

and the dock. Patterson admitted that although he knew about the gap and knew that if a man stepped into the gap he was liable to be injured he did not warn Grantham; that he just overlooked doing it; that he "just didn't think about it" and that there was no reason why he could not have warned Grantham, with safety to himself and to his company's property. Patterson further testified however that he didn't see any reason to warn Grantham because he took it for granted that "everybody watches what they are doing."

Appellant contends that the evidence as above substantially set out entitled him to have the requested special issues on discovered peril submitted to the jury. He asserts that the evidence shows without dispute that there was a "gap" between the tailgate of the truck and the dock; that such condition constituted a hazard and dangerous condition to those working around the truck, and that appellee's driver Patterson admitted that he discovered the existence of such "gap" or dangerous condition some ten or fifteen minutes before appellant was injured, and failed to warn appellant of such hazardous condition. As authority for his contention that this evidence raises a fact issue on discovered peril appellant cites the cases of Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 and Long v. Surls, Tex.Civ.App., 275 S.W.2d 728, (Ref. N.R.E.). In our opinion the facts and circumstances of Ford v. Panhandle & Santa Fe Ry. Company are distinguishable and not here applicable in that the evidence in that case supported the conclusion that the fireman discovered the perilous position of the plaintiff when the engine was 100 feet away from the crossing, that if the brakes had been promptly applied at such time the speed of the engine would have been slackened sufficiently for the plaintiff to have safely crossed the intersection, but that the engineer did not apply the brakes until after the crossing was reached. Appellant particularly urges the language of Long v. Surls, indicating that in order to raise the issue of discovered peril it is not

required that actual discovery by a defendant of the perilous position of the injured party should be shown by positive evidence; that it is enough "If the evidence raises the question as to whether the party charged should have under all the evidence discovered the perilous position, then the question as to fact as to whether he actually discovered it is for the jury * * *."

In this connection our Supreme Court in Safeway Stores, Incorporated v. White, 162 Tex. 473, 348 S.W.2d 162, speaking through Justice Walker states as follows:

"The 'could have' or 'should have' standard for measuring the proof required to raise the discovery issue has never been recognized by this Court and will not be adopted now. Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas. If the rule were otherwise, the plaintiff could recover notwithstanding his own contributory negligence by proving that the defendant was guilty of nothing more than primary negligence in failing to discover his peril. The trier of fact is not required to accept the testimony of the defendant or his agent, and discovery may be established by circumstantial evidence. Where there is no direct evidence raising the issue, however, the plaintiff must prove facts and circumstances from which it can fairly be inferred that the defendant did actually become aware of the peril".

The undisputed facts that appellee's truck driver Patterson parked the truck in such a way that the tailgate was not flush with the loading dock leaving a gap of twelve to sixteen inches at one end of the tailgate and failed to warn appellant Grantham of such condition were acts of original negligence. Before appellant could recover in this situation under the doctrine of discovered peril he had the burden of showing that thereafter he was in a perilous position which was actually known by Patterson in time to have avoided the danger to appellant with the exercise of ordinary care in the use of the means at hand. Panhandle & Santa Fe Railway Company v. Napier, 135 Tex. 314, 143 S.W.2d 754.

The mere fact that there was a gap between the dock and one end of the tailgate of the van and that appellant and Patterson were carrying boxes and crates from the dock into the van did not necessarily place appellant in a perilous position as contemplated under the doctrine of discovered peril. The peril contemplated "is one that is immediate, clear and present". 40 Tex.Jur.2d 625. In the case of Sisti v. Thompson, 149 Tex. 189, 229 S.W.2d 610, it is stated as follows:

"In a factual situation of this kind, the defendant is entitled to assume that the plaintiff is giving reasonable attention to his surroundings; that one in such a place of peril will obey the instinctive urge of self-preservation to the extent that he will remove himself from the impending danger. As a consequence, the defendant is liable only when he realizes, or has reason to realize, the inattentiveness of the plaintiff and the position which he occupies. In other words, the defendant has a right to rely upon the fact that the plaintiff will take such steps as are necessary to extricate himself from the perilous position in which he is situated. The text writers are in agreement on this proposition."

In order for appellant to have been in a perilous position just prior to his accidental injury, as contemplated under this doctrine it would have to be assumed that he was not giving reasonable attention to his surroundings, that is, that he was not watching his step as he went from the loading dock into the van, and that Patterson had knowledge of appellant's inattentiveness. Appellee had the right to assume that appellant would watch where he was going and, as stated in the Sisti case appellee would be liable only if and when its employee

Patterson realized or had reason to realize that appellant was not watching his step, and was therefore in a position of peril. The evidence, in our opinion, does not support the conclusion that Patterson became aware of the fact that appellant was not watching his step and giving reasonable attention to his surroundings on the occasion in question in time to have prevented appellant's injury by the exercise of ordinary care and with the means at his command. The evidence does not raise issues on discovered peril and the court did not err in failing to give appellant's requested special issues.

For the reasons stated the judgment is affirmed.