**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Annie Lee VANN et vir, Appellees.**

**No. 6652.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 29, 1964.

Rehearing Denied Nov. 25, 1964.

McGregor, Sewell, Junell & Riggs, Houston, for appellant.

Combs & Mitchell, Houston, for appellees.

PARKER, Justice.

This is a railroad crossing accident case. Appellee Annie Lee Vann, joined by her husband, sued Missouri Pacific Railroad Company for damages for personal injuries resulting from a collision between an automobile being operated by Mrs. Vann and the defendant's Texas Eagle passenger train within the city limits of Conroe, Texas. Upon jury findings of discovered peril, Mrs. Vann recovered $22,500 from the defendant railroad company. For convenience, the parties will be referred to as plaintiff and defendant, as in the trial court.

Defendant's first and second points assert error of the court in not disregarding the jury findings of discovered peril and entering judgment for the defendant because there was no evidence to support the affirmative findings of discovered peril and, in the alternative, that such findings of the jury were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong.

The third, fourth and fifth points assert error of the court with reference to the jury findings detailed below, as having "no evidence" supporting such findings or are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong. The jury found that prior to the collision the plaintiff Mrs. Vann was in a perilous position; that the defendant's employees, the engineer or the fireman, discovered that Mrs. Vann was in a perilous position; that such defendant's employees, the engineer or the fireman, after they had discovered Mrs. Vann was in a perilous position, realized that Mrs. Vann would not in all probability extricate herself from such perilous position in time to avoid injury; that the defendant's employees, the engineer or the fireman, discovered such peril and had such realization within such time and distance

as that by the exercise of ordinary care in the use of all means at their command consistent with the safety of themselves, their passengers and train, they could have avoided the collision; that the defendant's employees thereafter failed to use ordinary care in the use of all means at their command consistent with the safety of themselves, their passengers and train, which failure to use ordinary care on their part was a proximate cause of the collision in question. To such findings of the jury, defendant says the court erred in not disregarding such findings because same were without any support in the evidence or so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong. Defendant's first five points of error were argued together by appellant. In passing upon the "no evidence" points in the first five points of error, we will follow the rule of viewing the evidence in its most favorable light in support of the findings of the vital facts, considering only the evidence and the inferences which support the findings and rejecting the evidence and inferences which are contrary to the findings.

On August 5, 1960, a bright and clear day, between 9 and 10 o'clock in the morning, Mrs. Vann was driving her automobile west on Davis Street in Conroe, Texas. Davis Street is intersected by railroad tracks which run north and south.

Mrs. Vann testified: As she drove onto the main track of the defendant railroad company, her automobile stalled. At the time it stalled she did not know there was a train in the area. She tried to start her car a couple of times, consuming some two or three seconds. Then she looked up to the north and saw the train approaching at the Phillips Street crossing. The Phillips Street crossing is 320 feet north of Davis Street, being the next crossing north of Davis Street. She made no further attempt to start her car but opened the car door and tried to get out of the way. After she got out of her automobile, the train struck her car and she was hurled south along the track for several feet. Her next recollection is of waking up in the hospital. If she could see the train at the Phillips Street crossing, the operators of the train could see her at the Davis Street crossing.

The speed of the train was estimated by the fireman at 25 mph, which is less than 40 feet per second. The fireman on the train testified: His only duty on the morning of the accident after the train entered Conroe was to keep a lookout. The track is straight and level north of the point of collision for at least three-fourths of a mile. There was no obstruction to keep him from seeing down the track to where the accident occurred. He could see right down the middle of the track there. His attention wasn't distracted from that duty. He first saw the Vann car when it came out from behind a Sinclair bulk station before the car stalled on the track. The fireman *saw* the car travel until it got onto the main track and stop thereon; that in not over one second he could have applied the emergency brake. There is no evidence that the engineer or fireman considered there was any hazard or danger to the safety of the train and its passengers in making an emergency application of the brakes in this particular case. Emergency application of the brakes was made. Based on his experience, the fireman stated that this train, loaded and equipped as it was, could be stopped in 175 to 180 feet, traveling at the speed the train was traveling. He had never seen a train derailed because of applying the emergency brakes at such speed. The witness Jack Palmer, who was a bus driver for the City of Conroe, testified that he saw the Vann car as it approached the track and saw other cars crossing the track immediately ahead of Mrs. Vann; that at the time the Vann car stalled on the track, the train was a block or more north of the crossing where the car stalled.

██ In Creech v. Thompson, 156 Tex. 561, 297 S.W.2d 817 (1957) it was held that in a discovered peril case the fact of timely "realization" on part of train op-

erators and failure thereafter diligently to use means at hand to stop the train may be established by circumstances with or without aid of their testimony. The jury may believe part of the testimony of train operators, while rejecting other parts of their testimony. The reasoning in Creech v. Thompson, supra, as well as the principles announced in Texas & New Orleans Ry. Co. v. Hart (1962) 163 Tex. 450, 356 S.W.2d 901, and Safeway Stores, Inc. v. White (1961) 162 Tex. 473, 348 S.W.2d 162, are applied to the evidence in this case. Here the fireman saw the car when it stalled.

Under the evidence in this case, the jury could have believed the fireman's testimony to the effect the train was traveling at 25 mph or some 40 feet per second; that he could have stopped the train at the rate of speed in 175 feet by applying the brake. The jury could have believed the plaintiff and other witnesses that the car was stalled on the track when the train was over 320 feet from the stalled automobile.

Accordingly, the jury could properly have reasoned that "realization" by the train operators of the peril to Mrs. Vann actually occurred at a point 320 feet or more from the point of collision.

In other words, the jury could properly have reasoned, "The stalled automobile being visible for over 320 feet in the situation of the train operators on the train, and the latter—particularly the fireman—actually looking down the track as his duty required him to do, and as he said he was doing, he must have seen and realized the peril of Mrs. Vann in the stalled automobile at a point more than 320 feet from the point of collision." The jury might properly have believed that the fireman and engineer on the train seeing the stalled car when the train was approaching the Phillips Street crossing was the equivalent of realization. The jury could have concluded within reason that realization at 320 feet or more from the point of collision afforded sufficient time within which to have properly slowed and stopped the train before colliding with the stalled car of Mrs. Vann. From this, the jury could have believed the train operators had a last chance to avoid the collision and injury, and it was a clear last chance. We have followed the reasoning of the Supreme Court in Creech v. Thompson, supra, and Texas and New Orleans Ry. Co. v. Hart, supra, authorizing a jury to select the statements of the engineer and fireman in part and rejecting them in part, taking the testimony of Mrs. Vann and other witnesses corroborating her story. There is evidence supporting the jury's findings to the special issues discussed hereinbefore, and defendant's "no evidence" points are overruled.

Taking up the defendant's contentions that the answers of the jury to the discovered peril issues were contrary to the overwhelming weight and preponderance of the evidence, we consider all the evidence bearing upon such issues. The jury could reject and not believe the train operators' testimony that the train was only 70 or 85 feet from the Davis Street crossing when Mrs. Vann's automobile stalled. The jury could reject and not believe the train operators' testimony that "realization" on the part of the train operators did not occur until the train was some 70 feet from the stalled automobile on the track. The jury could reject and not believe the train operators' testimony that in less than one second they applied the emergency brakes on the train. Creech v. Thompson, supra; Texas & New Orleans Ry. Co. v. Hart, supra. Viewing all the evidence bearing upon the above issues, the jury's findings thereon are not so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong. Defendant's points of error contending that such findings of the jury to the above issues are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong are overruled.

■ Defendant's 6th point is:

"The error of the Court in failing to grant a new trial, because of the

prejudicial misconduct of the jurors in discussing, taking into consideration and increasing the award of damages because the plaintiff would have to pay attorneys' fees out of recovery."

The matter of attorneys' fees was mentioned in the jury room. There was a full and complete hearing on this question on the motion for new trial. All jurors except two fixed the damage issue at $22,500 at the very beginning of the discussion before attorneys' fees were mentioned by some juror. The foreman of the jury and at least three other jurors admonished the entire jury that attorneys' fees could not be considered. The testimony of the jurors justified the trial court in overruling the motion for new trial based on jury misconduct. The evidence supports the view that the mention of attorneys' fees in this case did not cause the rendition of an improper or excessive judgment. Defendant's 6th point is overruled.

■ Defendant's 7th point is:

"The error of the Court in refusing to grant a new trial, because the award of damages to the plaintiffs in the full amount sued for was so excessive as to indicate mistake, bias, prejudice or other improper motive."

As a result of the collision, Mrs. Vann sustained injuries consisting of a fracture of her right ankle, fracture of three or four ribs, bruises over her entire body, a concussion, and extreme bruises to her left hip area. She remained in the hospital originally for 53 days, returned thereafter for an operation and was in the hospital for an additional 12 days. She suffered extreme pain, marked pain which was relieved partially by the latter operation. She was still being treated at the time of trial some two years after the accident, and at the time of trial required the use of considerable pain medication. Her physician did not expect her condition to improve in the future. Her medical and hospital bills amounted to over $2,500. She was 57 years of age, working in selling products on commission basis. We do not consider the amount of damages awarded by the jury to be excessive or in any way disproportionate to the injuries sustained by Mrs. Vann. There is nothing in the record to show bias or prejudice or other improper motive on the part of the jury. Leonhart v. Gilbreath (Tex.Civ.App.1961) 347 S.W. 2d 369. Defendant's 7th point is overruled.

Judgment of the trial court is affirmed.