**Carl C. COX, Appellant,**

v.

**CITY OF AMARILLO, Appellee.**

**No. 7458.**

Court of Civil Appeals of Texas.

Amarillo.

April 26, 1965.

Rehearing Denied May 24, 1965.

---

1. Cormier v. Highway Trucking Company, Tex.Civ.App., 312 S.W.2d 406.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit for personal injuries alleged to have been sustained by Carl C. Cox as the result of a collision between his automobile and a city-owned truck being operated by Neville Powell, an employee of the City of Amarillo. At the close of plaintiff's evidence the trial court granted the city's motion for an instructed verdict. Plaintiff has duly perfected this appeal from the judgment based on the instructed verdict.

Mr. Cox's injuries resulted from a collision at the intersection of East 25th Street and Bolton Street in the City of Amarillo. It was stipulated the yield sign facing Cox as he approached the intersection was properly installed and in place; that the city ordinance regulating yield signs was in force and effect at the time of the collision; and that Neville Powell, the driver of the wrecker truck, was an employee of the City of Amarillo at the time in question. It is uncontroverted that Powell was on his way to pull out a city sanitation truck which was stuck. Prior to the presentment of the evidence appellant withdrew all allegations of primary negligence and proceeded to trial on the doctrine of discovered peril only.

Appellant's points of error were briefed in two groups, and we shall consider them as such. The first group to be considered contend the trial court erred in granting an instructed verdict because there was a genuine issue of material fact raised by the pleadings and evidence as to appellee's employee's negligence under the doctrine of discovered peril. The other group of points concerns the City's defense that its employee was engaged in a governmental function at the time of the collision.

In passing upon the question of the trial court granting an instructed verdict, it is well settled the evidence must be considered most favorably in behalf of the party against whom the verdict is instruct-

ed, and all adverse evidence disregarded. A peremptory instruction is awarded only when the evidence is such that no other verdict should be reached. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422; Texas & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236. The only direct testimony concerning the collision was that of Powell, the driver of the truck. Cox simply testified he could remember nothing about the collision. Powell was proceeding south on Bolton Street and Cox was driving East on 25th Street. Bolton was a through street with no traffic controls. A yield sign faced Cox as he approached the intersection of Bolton and 25th Streets. This sign was placed 22 feet and 8 inches back from the intersection. Powell had travelled Bolton Street many times and knew the yield sign controlled 25th Street traffic at that intersection. Powell's speed was approximately 35 miles per hour in a zone where the speed limit was 45 miles per hour. A governor on the truck limited its speed to 38 miles per hour. Powell testified he first saw Cox's car when it was about 100 feet from the intersection when Powell was some "80 feet" or as much as "90 or 100 feet" from the intersection. Both vehicles were travelling at approximately the same rate of speed. Powell watched Cox's car "approximately 25 or 30 feet" then looked in the opposite direction before looking back again at Cox's automobile. At that time Powell estimated Cox was approximately 25 to 30 feet from the intersection and that Powell himself was approximately 20 to 25 feet from the intersection. Up to this point neither of the vehicles' speed had been reduced. Powell then heard Cox applying his brakes but because "it all happened so fast, I couldn't tell" that Cox's speed was reduced. The investigating officer testified Cox's car left skid marks of varying lengths and that they "began a little before you get to the yield sign". Powell testified he first realized Cox was not going to stop when he, Powell, was 20 to 25 feet north of the center of the intersection or some 10 or 15 feet north of the north line of 25th Street which con-

stitutes the entrance to the intersection from Bolton Street. Cox's car was approximately the same distance west of the intersection when Powell first realized Cox was not going to stop. Powell then testified that at that time "the only thing I could think to do was to pull just as far left as I could, and try to accelerate, give me as much room as I could to get through there." He testified he did this, but the collision occurred in the intersection. He further testified that at the speed he was driving he could stop within 25 to 30 feet after applying the brakes. This estimate eliminates the reaction time.

■ Appellant relies on Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, for his contention the evidence raised a fact issue as to whether or not Powell knew and realized Cox's perilous position because of the facts and circumstances which Powell had knowledge of that Cox would in all probability continue into the intersection. We think there is a distinction between the instant case and the Ford case. The language of Judge Norvell in R. T. Herrin Petroleum Transport Co. v. Proctor, 161 Tex. 222, 338 S.W. 2d 422, clearly stated the distinction when he said, "[I]n the Ford case the movements of the automobile under the evidence were reasonably predictable." Our courts have repeatedly held the "could have" or "should have" standard for measuring the proof required to raise the discovery issue would not be followed. The recent case of Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162, reaffirms this position. That case held, "Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas." Although the issue may be raised by circumstantial evidence in the absence of direct evidence, the plaintiff must prove facts and circumstances from which it can be inferred the defendant did actually become aware of the peril. Safeway Stores, Inc. v. White, supra.

■ The only direct evidence on the issue of actual discovery was the testimony of

Powell. He knew the yield sign was facing Cox; and testified he thought Cox would stop; and that he was some 10 to 15 feet from the intersection before he realized Cox would not do so. Powell had a right to presume the driver of the other car would not negligently drive through the yield sign and enter the intersection into the path of his truck. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967; Duncan v. Durham (Tex.Civ.App.), 356 S.W.2d 377; Welch v. Ada Oil Co. (Tex.Civ.App.), 302 S.W.2d 175, (Refused, NRE); Gaines v. Copeland (Tex.Civ.App.), 209 S.W.2d 231.

There is no evidence or circumstances which tend to prove Powell actually discovered the peril prior to the time he stated. Under the facts and circumstances there is also a total absence of evidence that Powell realized the perilous position of Cox in time to have avoided the collision by the exercise of ordinary care and the use of all the means at his command. Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901; Parks v. Airline Motor Coaches, supra. There must be a last chance to avoid the injury and the last chance must be a clear one. R. T. Herrin Petroleum Transport Co. v. Proctor, supra.

In reviewing the evidence in the light most favorable to the appellant it is our opinion that the issue of discovered peril was not raised. Powell was travelling a through street and observed Cox approaching the intersection facing a yield sign. Powell knew of the presence of the traffic control sign and presumed, as he had a right to do, Cox would stop. Powell testified that he did not realize Cox's perilous position until both vehicles, travelling 30 to 35 miles per hour, were approximately 25 to 30 feet from the intersection. We think there is no evidence that Powell discovered the perilous position of Cox in time to have avoided the collision; or that he failed after making such discovery, to exercise ordinary care to have avoided the collision.

In view of our holding the issue of discovered peril was not raised, it is not necessary to discuss and pass on the question of whether or not the City's employee was engaged in a governmental function.

The judgment of the trial court is accordingly affirmed.