Joseph H. HART, Jr.,
Plaintiff-Appellant,

v.

MAZDA MOTORS OF AMERICA,
INC., Defendant-Appellee,

American & Foreign Insurance
Co., Intervenor.

No. 75–2416
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1975.

Frank R. Jewell, David S. Kidder, Dallas, Tex., for plaintiff-appellant.

Robert A. Gwinn, Dallas, Tex., for defendant-appellee.

David S. Kidder, Dallas, Tex., for Intervenor.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Hart, an automobile mechanic, was injured when the transmission that he was removing from a Mazda vehicle fell on him. Hooser, a district service manager for defendant Mazda distributor, had requested the removal and was present while Hart was working. Hart sued defendant on three theories: (1) distribution of an unreasonably dangerous product, (2) common law negligence and (3) discovered peril. The jury rejected Hart's first two theories. The district court refused to submit to the jury requested special findings on the issue of discovered peril. Plaintiff appeals contending that this refusal was error. We affirm.

Under Texas law, in order to sustain a finding of discovered peril, a plaintiff must show, *inter alia*, that the defendant actually discovered the peril. *Gentry v. Southern Pacific Company*, Tex.1970, 457 S.W.2d 889, 892; *Safeway Stores, Inc. v. White*, 1961, 162 Tex. 473, 348 S.W.2d 162, 164.

The record convinces us that a finding of actual discovery could not properly have been made by the jury in this case. Rule 49(a), F.R.Civ.P. There-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

fore, the district court was correct in refusing Hart's request. *Maryland Casualty Co. v. Broadway*, 5 Cir. 1940, 110 F.2d 357, 360. See *Boeing Company v. Shipman*, 5 Cir. 1969, 411 F.2d 365, 374.

Affirmed.