**Gladys Marie SCHOELLMANN et vir,**
**Appellants,**

**v.**

**Homer AMMANN, Appellee.**

No. 13818.

Court of Civil Appeals of Texas.

Houston.

Jan. 4, 1962.

Rehearing Denied Jan. 25, 1962.

L. L. Duckett, El Campo, W. James Kronzer, Jr., Houston (Duckett & Duckett, El Campo, Hill, Brown, Kronzer & Abraham, Houston, of counsel), for appellants.

Ingram & Moore, Wharton, Butler, Binion, Rice & Cook, Houston (Irving Moore, Jr., Charles C. Ingram, Jr., Wharton, W. N. Blanton, Jr., James E. Crowther, Houston, of counsel), for appellee.

COLEMAN, Justice.

This is an action for damages for personal injury resulting from an automobile accident. After a jury trial, judgment was entered for the defendant.

■ Appellants contend that the verdict of the jury is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. As required by the decision in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we have carefully reviewed this entire record, weighing the evidence both for and against the verdict, and we find that the evidence fully supports the verdict of the jury finding that the negligent conduct of the plaintiff, Richard Schoellmann, was a proximate cause of the accident in question in the following particulars: (1) improper speed, (2) improper application of brakes, (3) failure to turn to the left, and (4) failure to sound horn. In view of this determination, it is unnecessary to decide whether the other issues submitted to the jury are supported by sufficient evidence to be permitted to stand. Since the jury has found on sufficient evidence that appellant was contributorily negligent in certain respects, its verdict on other contributory negligence issues and on the primary negligence issues could not affect the decision to be rendered in the case.

Appellant has also assigned error to the action of the trial court in sustaining the motion in limine of appellee, the effect of which was to prevent appellants from offering certain evidence relating to the action of the defendant in paying a fine assessed against him for the offense of failure to yield the right of way. We find it unnecessary to discuss the questions raised by the point of error since the evidence would not have affected the answers made by the jury to the issues concerning turning to the left and the sounding of the horn. Rule 434, Texas Rules Civil Procedure; Valdez v. Yellow Cab Co., Tex.Civ.App., 260 S.W. 2d 715.

■ Appellants insist that the trial court erred in refusing to submit certain requested issues concerning discovered peril. The only question is whether or not the evidence raises such an issue. Appellee testified that he saw appellants' car when it was at a barn, which was approximately 282 feet from the intersection, and that it was traveling at a speed of from 40 to 50 miles per hour. He further testified that at that time he was almost stopped at the intersection and thought he had time to cross in front of appellants. He testified that the car was 100 to 150 yards away when he first saw the car, about a city block or better. After glancing at the car he started across the intersection and didn't see appellants' car again until after the collision. While a jury would not be bound by this testimony, its rejection would not supply affirmative testimony to the contrary. Lathern v. Missouri-Kansas-Texas Railroad Company of Texas, Tex. Civ.App., 350 S.W.2d 379.

■■ In order to charge appellee with any responsibility under the discovered peril doctrine, there must be evidence, either direct or circumstantial, from which the jury could conclude that appellee saw appellant after he reached a point so close to the intersection that appellant could not, or in reasonable probability would not, avoid a collision. Appellee testified that he "thought he could get across * * * I never thought nothing about it until he hit me * * * never thought nothing about being hit * *

I figured I had time to get across." Under the facts of this particular case, we think that in the absence of affirmative testimony from appellee that he ever realized appellant's peril or saw him in a position of peril, the proof must show some action of appellee indicating he in fact saw appellant when he was so close to the intersection that if *both* parties kept the same course and speed a collision would probably result.

In Safeway Stores, Inc. v. White, Tex., 348 S.W.2d 162, the Supreme Court said:

"The 'could have' or 'should have' standard for measuring the proof required to raise the discovery issue has never been recognized by this Court and will not be adopted now. Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas. If the rule were otherwise, a plaintiff could recover notwithstanding his own contributory negligence by proving that the defendant was guilty of nothing more than primary negligence in failing to discover his peril. The trier of facts is not required to accept the testimony of the defendant or his agent, and discovery may be established by circumstantial evidence. Where there is no direct evidence raising the issue, however, the plaintiff must prove facts and circumstances from which it can fairly be inferred that the defendant did actually become aware of the peril.

"While the jury was free to disbelieve Clark's statement that he did not realize there was any danger, his testimony in that respect is not evidence that the opposite of what he said is true. See R. T. Herrin Petroleum Transport Co. v. Proctor, Tex., 338 S. W.2d 422. There is no other direct evidence bearing on the question, and the facts and circumstances proven do not point to realization on his part. Casually turning around to lay down some papers is not the conduct of one who

has just realized that a business acquaintance only a few feet away is in danger of serious injury. At the time Clark turned his back, plaintiff was six or eight feet away and approaching at a little trot. The latter was not in such immediate danger that anyone seeing him would necessarily have been aware of the peril. In view of the size of the truck, the noise of its engine, and the distance from the moving vehicle to the doorway where plaintiff was looking, Clark had good reason to believe the plaintiff was fully cognizant of the truck and its movement. Plaintiff had not previously entered the building through the south door, and his statement about going to Brookshire's indicated that he did not intend to do so on the occasion in question. While the fact that plaintiff continued to approach at a little trot after making such statement perhaps should have alerted Clark to the danger, it does not constitute evidence that he actually discovered the plaintiff's peril. His testimony that he did not realize the danger is not conclusive, but there is nothing in the record to suggest that he did."

In an earlier case, Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, the Supreme Court held:

"The quantum of proof required of the plaintiff on these elements of discovered peril in order to entitle him to have them submitted to the jury was such facts and circumstances as taken together with all reasonable inferences therefrom constituted some evidence of probative force of their existence. White v. White, 141 Tex. 328, 172 S.W. 2d 295; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; Fitz-Gerald v. Hull, [150 Tex. 39,] 237 S.W.2d 256.

"In determining whether the plaintiff discharged this burden we must view and interpret the evidence in the record in its most favorable light to the plaintiff, disregarding all evidence and

the inferences therefrom favorable to the defendant. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; White v. White, supra."

Applying these rules, we are unable to discover evidence sufficient to have permitted the trial court to have submitted the issues on discovered peril to the jury.

The judgment of the trial court is affirmed.