Jerome Clinton **FRASIER** et al., Appellants,

v.

Joe Wayne **PIERCE** et al., Appellees.

No. 7553.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 27, 1965.

Rehearing Denied Jan. 24, 1966.

A. W. Salyars, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

NORTHCUTT, Justice.

This is a common-law damage suit brought by Jerome Clinton Frasier and Homer Virgil Frasier, widow and father respectively of Homer B. Frasier, deceased, against Joe Wayne Pierce and Peoples Ice Company. International Service Insurance Company intervened seeking recovery of benefits paid by such company under a policy of workman's compensation insurance covering the deceased.

Homer B. Frasier was struck by a truck driven by Joe Wayne Pierce and owned by Peoples Ice Company while walking across Avenue Q in the City of Lubbock in approximately the middle of the block. The accident occurred on Saturday afternoon. It is undisputed that Joe Wayne Pierce was an employee of Peoples Ice Company at the time of the accident in question and was in the course and scope of his employment.

The case was tried before a jury and submitted on special issues in response to which the jury found both defendant Pierce and the deceased Frasier guilty of negligence which a proximate cause of the accident. The jury found that Pierce did not fail to keep a proper lookout and was not driving at an excessive rate of speed but that he did prior to the collision in question drive his vehicle from the inside to the outside lane which was negligence and a proximate cause of the collision. The jury found that Homer Frasier failed to keep a proper lookout and that such failure was a proximate cause of the accident in question. The jury further found that the crossing by Frasier at a place not within a marked crosswalk and not within an intersection was negligence and that such negligence was a proximate cause of the accident. In response to the damage issues the jury found a total of $36,444.45. Judgment

was granted upon the verdict in favor of the defendant that the plaintiffs recover nothing. From that judgment appellants perfected this appeal.

■ By appellants' first point of error it is contended the court erred in refusing to submit to the jury appellants' requested special issues on the liability of appellees under the doctrine of discovered peril. The accident in question occurred on Avenue Q between 15th and 16th Streets in the City of Lubbock at about 3:00 o'clock in the afternoon on Saturday, January 4, 1964. Avenue Q is one of the main streets in Lubbock and runs in a north-south direction. The avenue has two lanes for northbound traffic and two lanes for southbound traffic and a middle turn lane. Traffic control lights were located both at the intersections of 15th and 16th Streets and Avenue Q. It is undisputed that Mr. Frasier was struck while going east while crossing Avenue Q some place between 15th and 16th Streets at approximately in the middle of the block. The defendant Pierce was traveling north on Avenue Q when the accident occurred. Mr. Pierce testified that when he first saw Mr. Frasier he was right in front of the center of appellee's truck approximately 17 to 18 feet away and as soon as he saw Frasier he threw on his brakes and pulled to the left trying to miss Frasier. A Mr. Simmons who was driving behind the Pierce truck and witnessed the accident, testified the truck swerved to the left just before the accident. Mr. Pope, a witness to the accident, testified that the pickup truck stopped almost instantaneously with the impact. There is no evidence in this record that Pierce ever saw Frasier until he was within 17 or 18 feet from him. In order for the plaintiffs to bring this case within the doctrine of discovered peril it was necessary for plaintiffs to prove that the defendant Pierce actually discovered and realized Frasier's perilous position in time to have avoided the collision by the exercise of ordinary care in the use of all means at his command. Texas & N. O. Ry. Co. v. Hart, 163 Tex.

450, 356 S.W.2d 901 and cases there cited; Texas & N. O. Ry. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378; Panhandle & S. F. Ry. Co. v. Napier, 135 Tex. 314, 143 S.W. 2d 754.

In the case of Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162, it is stated:

> "The 'could have' or 'should have' standard for measuring the proof required to raise the discovery issue has never been recognized by this Court and will not be adopted now. Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas. If the rule were otherwise, a plaintiff could recover notwithstanding his own contributory negligence by proving that the defendant was guilty of nothing more than primary negligence in failing to discover his peril. The trier of fact is not required to accept the testimony of the defendant or his agent, and discovery may be established by circumstantial evidence. Where there is no direct evidence raising the issue, however, the plaintiff must prove facts and circumstances from which it can fairly be inferred that the defendant did actually become aware of the peril."

See also Schoellmann v. Ammann, Tex. Civ.App., 352 S.W.2d 920 (N.R.E.).

■ We are unable to see where there were any facts or circumstances proven here from which it could fairly be inferred that the defendant Pierce did actually become aware of the peril in time to avoid the accident here involved. Appellants' first point of error is overruled.

By appellants' second and third points of error it is contended the court erred in striking Paragraph IX of their petition where they alleged Pierce had been charged with and pleaded guilty to several traffic violations and had been involved in eight separate motor vehicle collisions, since they sued Peoples Ice Company on the theory of negligent entrustment of a motor vehicle to Pierce and by excluding evidence tendered by appellant of the driving record of Pierce on the theory such evidence was admissible on the issue of negligence of Pierce upon the occasion in question and upon the issues of negligent entrustment by Peoples Ice Company of the operation of a motor vehicle to Pierce. Before the case went to trial Peoples Ice Company admitted and stipulated in its first amended answer that at the time and on the occasion in question and at the time material to this suit that Joe Wayne Pierce was an employee of Peoples Ice Company; and at the time and on the occasion in question and at the time of the accident in question that Pierce was acting in the course and scope of his employment with Peoples Ice Company. It is stated in Missouri, K. & T. R. Co. v. Johnson, 92 Tex. 380, 48 S.W. 568 as follows: "We think the rule is well settled that when the question is whether or not a person has been negligent in doing, or in failing to do, a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence, or even habitually negligent upon a similar occasion," citing many cases. See also Glass v. Houston Singing Soc., Tex.Civ.App., 192 S.W.2d 300. It is stated in Patterson v. East Texas Motor Freight Lines, Tex.Civ.App., 349 S.W.2d 634 (N.R.E.) as follows:

> "Appellants in their petition plead several grounds of primary negligence against the driver of the truck, and in addition plead the truck company was guilty of negligence on the theory of 'negligent entrustment.' Appellants alleged the driver was an employee of the truck company and acting within the scope and course of his employment with the truck company at the time of the collision. The appellees stipulated and agreed that this was true and that the doctrine of respondeat superior would apply in this case. Appellees then moved the trial court to strike the allegation as to negligent entrust-

ment which motion was granted and the appellants contend this was error. We are unable to agree with appellants upon this theory. Evidence as to prior accidents, or prior acts of negligence on the part of the driver, would be admissible only to prove the driver was unsafe or incompetent, and not to prove he was negligent on the occasion in question. The theory of negligent entrustment in order to bind the truck company became immaterial as soon as the stipulation as to course of employment was made. There was no issue left to submit to the jury upon which this testimony as to negligent entrustment would be admissible."

■ Appellants' second and third points of error are overruled.

By appellants' fourth point of error it is contended the court erred in submitting Special Issues 8 and 9 without first submitting an issue inquiring of the jury whether or not the crossing of Avenue Q by Mr. Frasier upon the occasion in question was in fact a failure to yield the right-of-way to the vehicle being driven by Pierce. Special Issue 8 inquired of the jury if they found from a preponderance of the evidence that the failure of Mr. Frasier to yield the right-of-way to the vehicle driven by Pierce at the time and on the occasion in question was negligence, then by Issue 9 asked if the same was a proximate cause.

It is undisputed that Mr. Frasier was crossing Avenue Q at approximately the middle of the block when he was struck by the Pierce truck and that such was not within a marked crosswalk or within an unmarked crosswalk at an intersection. There is no evidence in the record that Mr. Frasier ever saw Pierce's truck and attempted to get out of the way of the truck and yield the right-of-way to Pierce. Vernon's Ann.Civ.St., Article 6701d, Sec. 78(a) provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway." Section 18–40 of the Lubbock City Code at the time of this accident provided: "(a). Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway."

■ Since it is undisputed that Mr. Frasier did not yield the right-of-way, there is only one conclusion that could be reasonably drawn from the evidence and would present questions of law for determination by the court rather than by the jury. Howard v. Thompson-White Lumber Co., Tex.Civ.App., 266 S.W.2d 242 (N.R.E.); Kirby Lumber Co. v. Temple Lumber Co., 125 Tex. 284, 83 S.W.2d 638; Howard v. Wilburn, Tex.Civ.App., 351 S.W.2d 345 (N. R.E.). Appellants' point four is overruled.

By appellants' fifth assignment of error it is contended the court erred in including in the charge in the instruction as to the right-of-way between a pedestrian and the vehicle because the questions of who has the right-of-way and who fails to yield it are questions of fact rather than questions of law and then by point six that the court erred in including in the charge double instructions on the law as to the right-of-way between a pedestrian and a vehicle and was therefore prejudicial and inflammatory. The charge complained of was as follows:

"By the term 'right-of-way', is meant the privilege for immediate use of the roadway.

You further are instructed that as a part of the law of this case that every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway.

You are instructed that as a part of the law of this case that between any adjacent intersection at which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked or unmarked crosswalk. The term 'intersection,' as used in this section shall not be construed to include intersections of public alleys with public streets but the term intersection shall be construed to include only intersections of public streets, roadways or highways having a regular or official name, or being more than 20 feet in width."

The charge was in accordance with Article 6701d, Sections 20 and 78(c) and Rule 277, Texas Rules of Civil Procedure. In answer to Special Issue 6 the jury found that the crossing of Avenue Q by Mr. Frasier at the time and on the occasion in question at a place not within a marked crosswalk and not at an intersection of two public streets was negligence and in answer to Special Issue 7 that such was a proximate cause of the accident in question. The trial court here went further than was necessary in this record in submitting the issue of negligence. Howard v. Wilburn, supra; Howard v. Thompson-White Lumber Co., supra. We are of the opinion the court did not err in giving the charge complained of but if such was error, it was harmless error since Mr. Frasier was found guilty of two acts of negligence which proximately caused the injury in addition to the one here complained of. Dallas Railway & Terminal Co. v. Orr, Tex. Civ.App., 210 S.W.2d 863, affirmed 147 Tex. 383, 215 S.W.2d 862. Appellants' points five and six are overruled.

We have carefully considered all of appellants' assignments of error and overrule all of them. Judgment of the trial court is affirmed.