William R. TYNDALL et al., Appellants,

v.

ALLEN AND MORRIS DRILLING COMPANY, Appellee.

No. 14623.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 8, 1967.

Butler, Schraub & Gandy, Lewright, Dyer & Redford, Corpus Christi, for appellants.

Keys, Russell, Watson & Seaman, James C. Watson, Corpus Christi, for appellee.

KLINGEMAN, Justice.

This is a common law damage suit brought by William R. Tyndall against Allen and Morris Drilling Company for damages for personal injuries sustained by Tyndall, in the course of his employment, while working for Pursley Tong Company engaged to run casing into a well being drilled by Allen and Morris Drilling Company. Aetna Casualty & Surety Company intervened seeking recovery of benefits paid by it under a policy of workmen's compensation insurance in behalf of Tyndall, and for attorney's fees in connection with such intervention. Upon a jury trial, the jury answered various special issues submitted to it adversely to Tyndall, hereinafter called plaintiff, and judgment was entered in accordance with such jury findings. No complaint is made on this appeal of such jury findings. Plaintiff's only point of error is that the trial court erred in refusing to submit issues requested by him on discovered peril.

Plaintiff was a member of the Pursley crew assigned to run casing into a well being drilled by Allen and Morris Drilling Company, hereinafter called defendant, on June 12, 1962. Plaintiff was working on a catwalk near where the ramp joined the catwalk, and his job was to tie the pick-up line to a joint of casing as such casing was lifted up to the derrick for lowering into the hole. The casing was picked up by a traveling block to which the pick-up line was attached, and the driller, who was an employee of defendant, was in charge of the operation of the traveling block. While engaged in his work of tying such pick-up line to the casing, plaintiff was hit in the face by a hook or weight attached to the pick-up line. It appears from the testimony that while running such casing the driller had to watch the traveling block as it came down, had to observe the workers on the derrick floor, watch the weight indicator, and control the power and brakes used to pick up the casing and lower it into the hole. The evidence further shows that from where the driller was located it was not possible for him to see the tie-up man when such worker was on the ground. If such worker was on the catwalk, the most the driller could see of him was from the chest up, and could not see him if he was bent over.

Plaintiff requested six special issues of the trial court on discovered peril, which may be summarized as follows: (1)

Whether plaintiff was in a position of peril; (2) whether defendant's driller discovered plaintiff in such position of peril prior to the accident; (3) whether defendant's driller realized, prior to the accident, that plaintiff could not, and in all reasonable probability would not, extricate himself from such position of peril; (4) whether such discovery and realization was made by defendant's driller at such time that, by the exercise of ordinary care in the use of all means at his control, consistent with his own safety, he could have prevented such accident; (5) whether, after such discovery and realization, defendant's driller failed to exercise ordinary care in the use of all means at his command to prevent this accident; (6) whether such failure was a proximate cause of the accident in question.

Defendant, in addition to its reply brief, has also filed a motion to strike plaintiff's single point of error, on the ground that such point is not bottomed or based on a proper assignment of error in plaintiff's motion for new trial. Plaintiff's only assignment of error in this regard, in his motion for new trial, was: "The Court erred in refusing to submit to the jury plaintiff's special requested issues concerning the position of peril of plaintiff herein."

Defendant's motion to strike has considerable merit. Plaintiff's assignment of error in his motion for new trial is restricted to the position of peril of plaintiff, and there is nothing in such assignment to direct the court to the other issues on discovered peril, to-wit: discovery, realization, extrication, the time element, negligence, and proximate cause. Our Supreme Court in Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960), said:

"Rules 320, 321, 322 and 374 govern the form of assignments of error in motions for new trial which become the basis for points of error on appeal. Rule 320 provides that the motion 'shall specify each ground on which it is founded, and no ground not specified shall be considered.' Rule 321 requires that the assignments in the motion refer to the action of the court complained of 'in such way as that the point of objection can be clearly identified and understood by the court.' Rule 322 directs that 'Grounds of objections couched in general terms * * * shall not be considered by the court.' Rule 374 provides that 'A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.' While Rule 1 states that the rules are to be given a liberal construction to the end that a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law may be obtained with expedition and dispatch and without unnecessary expense, Rules 320, 321, 322 and 374 were deliberately adopted to serve a useful purpose. There must be a substantial compliance with the provisions of those rules if a litigant is to have his points of error based thereon considered by an appellate court."

Nevertheless, we have examined the entire record and do not find any error of the trial court in refusing to submit the six requested issues on discovered peril. In order for plaintiff to bring the case within the doctrine of discovered peril, it was necessary for him to prove that defendant actually discovered and realized plaintiff's perilous position in time to have avoided the accident by the exercise of ordinary care in the use of all means at his command. Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901 (1962); Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378; Panhandle & S. F. Ry Co. v. Napier, 135 Tex. 314, 143 S.W.2d 754 (1940); Frasier v. Pierce, 398 S.W.2d 955 (Tex.Civ.App.— Amarillo 1965, writ ref'd n. r. e.). There is no evidence in the record that defendant's driller, at or immediately prior to the time plaintiff received his injury, discovered plaintiff in any perilous position. The driller testified unequivocally that he did not see plaintiff, and that he did not know about the accident until after it happened,

and there is no testimony in the record to the contrary. In Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162 (1961), the Supreme Court said: "The 'could have' or 'should have' standard for measuring the proof required to raise the discovery issue has never been recognized by this Court and will not be adopted now. Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas."

There is no evidence in the record raising the issue of discovered peril and plaintiff was not entitled to the submission of his requested issues. The judgment of the trial court is affirmed.